UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Strike 3 Holdings, LLC** | : | |
| | : | |
| **Plaintiff,** | : | No. 3:21-cv-106-VLB |
| | : | |
| **v.** | : | |
| | : | December 1, 2021 |
| **John Doe subscriber assigned IP address 75.135.100.99,** | : | |
| | : | |
| **Defendant(s).** | : | |

### ORDER DENYING DEFENDANT'S MOTION TO QUASH [DKT. 13]

This is a copyright infringement case brought by Strike 3 Holdings, LLC ("Plaintiff") against an unknown individual ("Defendant") the registered owner of an internet protocol address ("IP address"). Shortly after bringing this suit, Plaintiff filed a motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference, seeking authorization to issue a subpoena on Defendant's internet service provider ("ISP") for the purpose of ascertaining Defendant's identity. [Dkt. 9]. The Court granted Plaintiff's motion, authorizing the issuance of the subpoena and providing Defendant an opportunity to contest the subpoena prior to the ISP's compliance. [Dkt. 10].

Before the Court is Defendant's motion to quash, seeking either reconsideration of the order granting Plaintiff's motion, or to quash the issued subpoena. [Dkt. 13]. Defendant submitted of her motion as a self-represented

1

party and anonymously.[1]  [*Id.*].  Defendant raises two key arguments in support of her motion.  First, she claims she is innocent of the allegations of copyright infringement.  [*Id.*].  Second, she claims that Plaintiff is engaged in an extortion racket perpetuated by bringing suits like this against individuals designed to coerce settlements by threatening hefty liability exposures and/or public disclosure of defendant-identities for the purpose of embarrassment.  [*Id.*].

Plaintiff has filed an opposition, arguing that Defendant's motion to quash is a mere averment of innocence, which is neither grounds to quash a subpoena nor reconsider the Court's prior order granting early discovery.  [Dkt. 14].  Plaintiff argues that Defendant's privacy interest is outweighed by Plaintiff's need for discovery.  [*Id.*].  Lastly, Plaintiff states that it does not object to authorizing Defendant to litigate the case pseudonymously.  [*Id.*].

For the following reasons, the Court DENIES Defendant's motion to quash and authorizes her to proceed anonymously for the time being.

I. BACKGROUND

The underlying complaint was brought by Plaintiff, the owner of an adult motion picture company, claiming that Defendant, an unknown John Doe utilizing an IP address 75.135.100.99, is stealing works copyrighted and owned by the Plaintiff on a "grand scale."  [Dkt. 1, Compl. at ¶¶ 2–4].  Plaintiff utilized a third-party geolocation technology company that traced the IP address to a physical

---

[1] Defendant is proceeding as a self-represented party, also known as a *pro se* party.  The Court will interpret Defendant's submissions to raise the strongest arguments it suggests.  *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

address in this District.  [*Id.* at ¶ 10].  Plaintiff owns an infringement detection system that discovered that Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted materials.  [*Id.* at 28–29].  This software "captured transactions from Defendant sharing specific pieces of 66 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns."  [*Id.* at ¶ 38].  Attached to the complaint as exhibit A is a list of the works allegedly copied by IP Address 75.135.100.99, the site the materials were copied from, and the date and time of the alleged copying.  [*Id.* at Ex. A].  Plaintiff states the copying was without authorization.  [*Id.* at ¶ 44].  Plaintiff further states that it "owns the copyrights to the Works and the Works have been registered with the United States Copyright Office."  [*Id.* at ¶ 46].

Plaintiff filed a motion for leave to a serve third party subpoena prior to a Rule 26(f) conference, seeking a court order granting Plaintiff leave to serve a third-party subpoena on the ISP seeking information about the identity of Defendant.  [Dkt. 9].  Attached to Plaintiff's motion are three declarations.  The first is a declaration from David Williamson who is the Chief Technology Officer of Plaintiff and is the Vice President of Technology for Plaintiff's parent company.  [Williamson Dec. at 2, Dkt. 9-2].  Mr. Williamson's declaration outlines the programs and processes employed by Plaintiff to detect illegal pirating and to obtain the IP address of the suspected downloader.  [*Id.*].  The second is a declaration from Patrick Paige, a computer forensic expert retained by Plaintiff to individually analyze forensic expert captured by its infringement detection system.  [Paige Dec.,

at 1–2, Dkt. 9-3].   Mr. Paige only reviewed one of the sixty-six suspected downloaded information and found that the evidence shows that IP address 75.135.100.99 uploaded a piece or pieces of the file corresponding with that video's "hash value."[2]  [*Id.* at 3].   Further, Mr. Paige stated that: "Based on my experience in similar cases, Defendant's ISP Spectrum is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned to the IP address 75.135.100.99 during the time of the alleged infringement."  [*Id.* at 5]. The third declaration was from Susan Stalzer who watched the copyrighted materials and the alleged illegally downloaded materials and determined that the materials were identical, strikingly similar, or substantially similar.  [Stalzer Dec., Dkt. 9-4].

The Court granted Plaintiff's motion, finding good cause supported authorizing Plaintiff to issue a subpoena before the Rule 26(f) conference and authorized Plaintiff to serve a subpoena on the ISP.  [Dkt. 10].  In the order granting Plaintiff's motion, the Court directed the ISP to respond to the subpoena unless Defendant contested the subpoena within a specific time.  [*Id.* at 9].

Defendant has since timely contested the subpoena by filing the motion to quash presently before the Court.  [Dkt. 13].

---

[2] Mr. Paige explained that "A hash value is an alpha-numeric value of a fixed length that uniquely identifies data. Hash values are not arbitrarily assigned to data merely for identification purposes, but rather are the product of a cryptographic algorithm applied to the data itself. As such, while two identical sets of data will produce the same cryptographic hash value, any change to the underlying data – no matter how small – will change the cryptographic hash value that correlates to it."  Paige Dec. at 3–4.

## II. LEGAL STANDARD

### A. Motion to Quash

Rule 45(d)(3) provides that: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

The Second Circuit has reviewed a motion to quash in cases such as this, where an unknown defendant can only be identified through a pre-discovery conference subpoena and the defendant moves to quash said subpoena. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010). In *Arista*, the Second Circuit discussed the balance between a recognized right to online anonymity under the First Amendment and vindicating a copyright holder from online copyright infringement. *Id*. The court found that online copyright infringers do not have a right to anonymity when that anonymity is "used to mask copyright infringement or to facilitate such infringement by others . . . ." *Id.* at 118.

In determining whether a motion to quash should be granted, the Second Circuit has directed courts to consider the following factors:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Id.*

As with any motion to quash, the burden of persuasion is on the movant. *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (citing

to *Pegoraro v. Marrero,* No. 10 Civ. 00051(AJN)(KNF), 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012)). "Ultimately, decisions about the reasonableness and burden of a subpoena are left to the sound discretion of the court." *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 251 (W.D.N.Y. 2018).

### B. Motion for Reconsideration

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting a [motion for reconsideration] is strict . . . [and] should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A court may grant a Rule 59(e) motion 'only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020).

### III. DISCUSSION

Defendant's submission can be reasonably interpreted as raising both a motion for reconsideration of the decision granting Plaintiff's motion for the pre-discovery conference subpoena and a motion to quash the issued subpoena. The Court previously analyzed the *Arista* factors in this case and found that they weigh in favor of authorizing the pre-discovery conference subpoena. [Dkt. 10]. Defendant does not contest this finding and the Court sees no reason as to why those findings are erroneous. Thus, that finding stands.

6

In support of Defendant's motion to quash and for reconsideration, she makes two key arguments: (1) she did not engage in the copyright infringement alleged and (2) Plaintiffs are engaged in litigation misconduct.  Plaintiff filed an opposition, in which it states that it does not object to permitting Defendant to litigate this case pseudonymously.  The Court addresses each of Defendant's arguments below and whether she may proceed pseudonymously if Plaintiff is able to identify her.

### A. Averments of Innocence

Defendant argues throughout her opposition that she "did not, ha[s] never, and would not even know how to engage in the activity that is being alleged" in the complaint.  [Mot. at 1 (modifying capitalization)].  Defendant states that she is not the only person who has access to her network and has updated the security of her network since receiving notice of this litigation.  [*Id.* at 1–2].  Plaintiff argues in its opposition that Defendant's averments of innocence are not grounds to quash a subpoena.  [Opp. at 4–5].

The Court agrees with Plaintiff that Defendant's averments of innocence is not a basis for quashing the subpoena.  "[W]hether [the] [d]efendant has meritorious defenses to [the [p]laintiff's claims is not relevant for purposes of the instant motion to quash or [the] [p]laintiff's ability to obtain the discovery sought in the . . . Subpoena."  *Strike 3 Holdings, LLC v. Doe*, No. 3:19 CV 115 (JBA), 2019 WL 2066963, at *3 (D. Conn. May 10, 2019) (citing to *Malibu Media, LLC v. Doe*, No. 14-cv-4808(JS)(SIL), 2016 WL 4574577, at *6 (E. D. N.Y. Sept. 1, 2016) (collecting cases).  See also *Strike 3 Holdings, LLC v. Doe*, 2:20-cv-01989-TLN-CKD, 2021 WL

7


859506, at *2 (E.D. Cal. Mar. 8, 2021); *TCYK, LLC v. Does 1-13*, No. 13-cv-296-wmc, 2013 WL 4084751, at *2 (W.D. Wis. Aug. 13, 2013); *Patrick Collins, Inc. v. John Doe No. 3*, No. 1:12-cv-00844-TWP-MJD, 2013 WL 820307, at *1 (S.D. Ind. Mar. 5, 2013); *West Coat Productions v. Doe 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011).

Defendant's purported innocence at this stage of the litigation has no bearing on whether to quash the subpoena particularly because the Court has already found, and Defendant does not contest, that the *Arista* factors weigh in favor of authorizing the subpoena. Defendant will have ample opportunity to assert her innocence and point to Plaintiff's lack of evidence to support its claim. However, at this stage it would be substantially unfair to allow Defendant's self-serving claims of innocence to effectively terminate this litigation where Plaintiff sufficiently claims a violation of its copyright. [Dkt. 10]. Such result would set a dangerous standard that would effectively allow any anonymous online user to violate copyright laws with impunity.

Therefore, the Court rejects Defendant's averments of innocence as a basis for quashing the subpoena.

B. Allegations of Litigation Misconduct

Defendant claims that Plaintiff and Plaintiff's counsel brought the underlying suit and issued the subpoena to further an "extortion racket." [Mot. at 1]. Defendant states that she conducted research and learned that pornographers have been bringing suits like this to force settlements by threatening legal action and making embarrassing public disclosures. [Mot. at 2]. In support of this claim, Defendant has provided two documents. The first is a press release issued by the

**Department of Justice on a criminal sentence issued against a Minnesota attorney who created a sham pornography distributing entity, released its copyrighted videos into pirating systems, sued alleged pirates, then used the discovery process to coerce settlements by threatening high statutory damages and public disclosure. [Mot. at PDF p. 6]. The second document presented by Defendant in support of her motion is an opinion article that argues that Florida's Pure Bill of Discovery process, which generally authorizes discovery before the lawsuit is brought, is unjust and fails to protect the privacy interests of the accused. [Mot. at PDF p. 7–10]. This article does not propose a better system, nor does it address protecting copyright holders' interests. [*Id.*].**

**Rule 45 does not contemplate quashing a subpoena based on litigation strategy. Regardless, Defendant's supporting evidence does not persuade the Court to quash the subpoena. The Court cannot impute the conduct of the convicted lawyer from Minnesota onto Plaintiff here because there is no factual connection between that lawyers conduct aside from the general type of litigation. In addition, the challenges highlighted in the opinion article were addressed at a procedural workaround that is not applicable. Unlike the cases mentioned in the opinion article, the suit here has already been filed and Plaintiff has made a prima facie case of copyright infringement. [Dkt. 10 at 5–6].**

**Denying the motion to quash and for reconsideration does not expose Defendant to the parade of horribles she claims will occur by allowing the subpoena to move forward. The chief evil Defendant alleges will occur is a coerced settlement that will be brought about out of fear of public disclosure of her identity**

9

Therefore, the Court rejects Defendant's allegations of litigation misconduct as a basis for quashing the subpoena. All defendants in both civil and criminal litigation are at risk of embarrassment. That is not a basis for effectively preventing litigation.

C. <u>Justification for Proceeding Pseudonymously</u>

Plaintiff tacitly agreed to allow Defendant to proceed pseudonymously at this stage of the litigation.

There is a common law and First Amendment right of public access to judicial proceedings and documents that is firmly rooted in our nation's history. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties . . . ." "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly. Certainly, [i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008) (internal quotation marks omitted).

However, the Second Circuit has recognized an exception to this requirement when a party's need for anonymity outweighs the countervailing interests in full disclosure. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). In *Sealed Plaintiff*, the Second Circuit provided the following non-exclusive list of factors courts should consider when balancing the competing interests:

> **(1) whether the litigation involves matters that are highly sensitive and [of a] personal nature,**
> **(2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties,**
> **(3) whether identification presents other harms and the likely severity of those harms including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,**
> **(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age,**
> **(5) whether the suit is challenging the actions of the government or that of private parties,**
> **(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court,**
> **(7) whether the plaintiff's identity has thus far been kept confidential,**
> **(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity,**
> **(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and**
> **(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.**

*Id.* at 190.

Neither party directly addressed this legal standard or grounds that would justify permitting Defendant to proceed anonymously. The Court has a duty to uphold the Federal Rules of Civil Procedure and thus has a duty to consider whether Defendant meets the exception to Rule 10(a). Though more complete briefing on this issue would have been helpful, the Court does not find supplemental briefing is necessary at this stage in the litigation.

The Court finds that Defendant's interest in anonymity outweighs the countervailing public interests in full disclosure at this stage of the litigation. A false allegation that a person infringed a copyright of pornographic material is extremely embarrassing. Denying her request to proceed anonymously would

11

likely damage Defendant's reputation and her hopes of opening a business bearing her name. Plaintiff acknowledges it would not be prejudiced by allowing Defendant to proceed anonymously, as evidenced by its agreement not to object to such relief. Allowing Defendant to proceed anonymously also maintains the status quo for the time being. The public's interest in Defendant's identity is slight based on the representation that others used the IP address at issue. Although the public has an interest in knowing that they can be held liable for what a permittee does when allowed access to their IP address and Defendant admits she did, her identity is not necessary to advance public knowledge of this fact. The Court is unpersuaded by the argument that people would be more inclined to settle cases if their identity was concealed from the public as this is an argument, the logical conclusion of which is to conceal the identity of all defendants, both civil and criminal until liability or guilt is established. That is not what our Constitution or common law allows or how our judicial system operates. In fact, it is inimical to the law.

Therefore, the Court finds that the totality of the circumstances justify permitting Defendant to proceed anonymously until such time there is more than mere probable cause to believe she infringed Plaintiff's copyright.

IV. CONCLUSION

For the above reasons, the Court DENIES Defendant's motion to quash and for reconsideration. However, the Court affords alternative relief in authorizing Defendant to proceed anonymously unless and until this Court orders otherwise and only after Defendant has had an opportunity to challenge the disclosure.

**Plaintiff is ordered not to publicly file any of Defendant's identifying information and to file under seal all documents containing Defendant's identifying information.**

    **IT IS SO ORDERED.**

                                                                         /s/
                                              **Hon. Vanessa L. Bryant**
                                              **United States District Judge**

**Dated this day in Hartford, Connecticut: December 1, 2021**